IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YAHAIRA PINEDA PINEDA, : | |
| : | |
|    Petitioner, : | |
| : | Civil Action Number |
| v. : | 7:05-CV-19 (HL) |
| : | 28 U.S.C.A. § 2255 |
| UNITED STATES OF AMERICA : | |
| : | 7:03-CR-24 (HL) |
|    Respondent. : | |

# ORDER

Before this Court is a Report and Recommendation (the "R&R") (Doc. 41) from United States Magistrate Judge G. Mallon Faircloth. In his R&R, Judge Faircloth recommended that this Court deny Petitioner's § 2255 Application for habeas relief (Doc. 39). Petitioner filed Objections (Doc. 43) to the R&R. The Court has considered Petitioner's Objections and made *de novo* determinations of those portions of the R&R to which Petitioner took issue. The Court finds Petitioner's Objections to be without merit; thus, they are overruled. Nevertheless, the Court shall briefly address Petitioner's Objection under United States v. Booker, 125 S. Ct. 738 (2005).[1]

## I.   BOOKER CHALLENGE

Petitioner's Booker challenge urges this Court "to remove all enhancements or upward departures that may have imposed a higher sentence." (Objs. at 4.) Petitioner seems to be arguing that her criminal history category of II, her only enhancement in this case, violates the

---

[1] As the facts of this case are set forth in the R&R, the Court shall only set forth those facts in this Order that are necessary to explain its reasoning.

Sixth Amendment. In other words, if the Court had not considered Petitioner's prior conviction, Petitioner would have had a criminal history category of I that when combined with her base offense level, minus reductions, would have yielded a Guideline range of 135-168. Accordingly, her 5K downward departure, assuming it would have been granted, would have yielded a guideline range of 97-121 months, as opposed to the 108 months to which she was sentenced.

In <u>Almendarez-Torres v. United States</u>, the Supreme Court of the United States held that a prior conviction that is used to enhance a criminal sentence is not a factor that the Sixth Amendment requires to be alleged in the indictment or proven to a jury beyond a reasonable doubt. 523 U.S. 224, 239-47 (1998); <u>United States v. Davis</u>, No. 04-14647, 2005 WL 1052677 (11th Cir. May 5, 2005). Thus, Petitioner's argument carries the day only to the extent that the future of <u>Almendarez-Torres</u> is questionable in light of the <u>Booker</u> Court's holding that the mandatory nature of the federal Sentencing Guidelines violated the Sixth Amendment. <u>See</u> 125 S. Ct. at 749-50; <u>United States v. Orduno-Mireles</u>, No. 04-12630, 2005 WL 768134, at *2 (11th Cir. Apr. 6, 2005) (interpreting <u>Booker</u>). Petitioner's argument fails for four reasons.

First, the <u>Booker</u> Court left undisturbed the <u>Almendarez-Torres</u> precedent. <u>Orduno-Mireles</u>, 2005 WL 768134, at *2 (interpreting <u>Booker</u>). Second, and more persuasively, the <u>Booker</u> Court once again reaffirmed its holding first pronounced in <u>Apprendi</u>: "Any fact (*other than a prior conviction*), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756 (emphasis added); <u>Orduno-Mireles</u>, 2005 WL 768134, at *2 (interpreting <u>Booker</u>). Third, the Eleventh Circuit has repeatedly affirmed the vitality of <u>Almendez-Torres</u> in the wake <u>Booker</u>. <u>Davis</u>, 2005 WL 1052677, at *2; <u>Orduno-Mireles</u>, 2005 WL 768134, at *2. Fourth, the

reasoning behind the <u>Almendarez-Torres</u>' prior conviction exception remains strong in the post-<u>Booker</u> world because "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." <u>Orduno-Mireles</u>, 2005 WL 768134, at *2.  Therefore, the <u>Booker</u> decision has no effect when a defendant's sentence is enhanced based on a prior conviction.  "Put another way, because the prior-conviction exception remains undisturbed after <u>Booker</u>, a district court does not err by relying on prior convictions to enhance a defendant's sentence."  <u>Orduno-Mireles</u>, 2005 WL 768134, at *2.

Here, Petitioner's criminal history score was based on a guilty plea and conviction occurring approximately 5 years ago for drug related offenses.  Under § 4A1.1(b) of the Guidelines, Petitioner received 2 points for the offenses, yielding a criminal history level of II.  Because this enhancement was based on a prior conviction, it does not violate the Sixth Amendment, even after <u>Booker</u>.  Therefore, Petitioner's Objection regarding this issue is overruled.

## II.   CONCLUSION

In conclusion, all of Petitioner's Objections (Doc. 43) are without merit and are overruled.  The R&R (Doc. 41) is approved, adopted, and made the Order of the Court, thereby denying Petitioner's § 2255 Application for habeas relief (Doc. 39).

So ordered, this the 11th day of May, 2005.

   /s/ Hugh Lawson  
**HUGH LAWSON**, Judge

jmb